BUDLONG and others *v.* KENT and others.

NORWEGIAN PLOW CO. *v.* SAME.

(*Circuit Court, D. Nebraska.* July 15, 1886.)

FRAUDULENT CONVEYANCES—CONSIDERATION—SATISFACTION OF DEBTS.

At a hearing in equity, on pleadings and proofs in support of a creditors' bill, where it fairly appears that defendant actually owed the party to whom he has conveyed, and that the value of the property transferred was not out of proportion to the debt, with accruing interest, and the expense of handling the property, the conveyance will not be disturbed.[1]

Creditors' bills to set aside a conveyance of lands and goods made by the defendant to one of his creditors at about the time the grantor failed in business. Heard on pleadings and proofs.

*Harwood, Ames & Vielly* and *Chas. O. Whedon,* for complainants.

*R. St. Clair* and *A. H. Connor,* for defendants.

BREWER, J. These are creditors' bills. The complainants are judgment creditors of one Smith P. Tuttle, who, in the latter part of 1884, failed in business. At about the time of his failure he conveyed certain real estate and his stock of goods to the officers of the First National Bank of Minden, to secure his indebtedness to the bank. These conveyances are challenged by the bills as fraudulent.

The complainants have clearly failed to make out a case. Tuttle was indebted to the bank in the sum of about $9,000. The *bona fides* and amount of this debt are undisputed. It is doubtful whether the property conveyed equaled in value the debt. The highest estimate placed by complainants' witnesses upon its value is only $13,900, while the defendants' witnesses all place it below the face of the debt. Even if it were actually worth all that complainants claim, it would not be sufficient to impugn the good faith of the transfer, for the debt bears constant interest, and it costs something to dispose of real estate and a stock of goods. If more than the debt should be realized, garnishment proceedings will reach the excess. The testimony shows that Tuttle used other property to pay other debts, and fails to show that he retained anything except that which was exempt.

The representations made by officers of the bank, even if all made as claimed, work no estoppel. No debt was created on the faith of them, and they were simply expressions of confidence in Tuttle's financial condition, which the conduct of the bank shows it believed to be well founded.

Decree will be entered in favor of the defendants.

[1] For a full discussion of the question of fraudulent conveyance, see Platt *v.* Schreyer, 25 Fed. Rep. 83, and note, 87–94.